IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

KAITLYN CULLI, etc., et al., }
}
    Plaintiffs, }
} CIVIL ACTION NO.
v. }
} 02-AR-1667-M
GENERAL MOTORS CORPORATION, }
et al., }
}
    Defendants. }

FILED
02 JUL 30 AM 8:56
U.S.      COURT
N.D. OF ALABAMA

ENTERED
JUL 30 2002

### MEMORANDUM OPINION

The court has for consideration a supplemented motion timely filed by plaintiffs seeking a remand of the above-entitled case to the Circuit Court of Etowah County, Alabama. Plaintiffs challenge the subject matter jurisdiction of the federal court and suggest that there is an insurmountable procedural defect in the removal.

The removal was effected by the allegation of complete diversity of citizenship between plaintiffs, on the one hand, and defendants, on the other hand, that is, except for one non-diverse defendant, who was allegedly fraudulently joined by plaintiffs for the sole purpose of destroying diversity of citizenship.

Plaintiffs' contention that the removing defendants have not met their burden of proving the existence of at least $75,000 in controversy is disingenuous. Plaintiffs are clearly seeking more than $75,000 and have respectfully refused the court's and defendants' joint invitation to irretrievably lower their sights to less than $75,000.



The argument over whether or not the implicit motion to dismiss by Car Exchange, Inc., the non-diverse defendant, should be granted presents a more difficult question. Defendants ask this court to disagree with Judge DeMent's *Judson v. Nissan-Motor Co.*, 52 F. Supp. 2d 1352 (M.D. Ala. 1999), a case which is procedurally and factually indistinguishable from this case. Judge DeMent may or may not ultimately be proven correct. Defendants point out that after Judge DeMent concluded that Judson had stated, or might be able to state, a cause of action against the non-diverse car dealer, and remanded the case to Judge Woods, the state court judge in Dale County, Alabama, Judge Woods granted a motion for summary judgment filed by the said non-diverse car dealer. The time for an appeal from Judge Woods in *Judson* has not elapsed. In fact, Judge Woods still has an unruled upon post-judgment motion before him, and there was no Rule 54(b) Ala. R. Civ. P. order when summary judgment was granted. Under the circumstances this court does not have to choose between Judge DeMent and Judge Woods, because the ultimate decider of the susceptibility of a non-manufacturer car dealer to liability in situations like this will be, or may be, the Supreme Court of Alabama and not Judge DeMent, Judge Woods or this judge. This judge is unwilling to undertake the resolution of an important undecided question of Alabama law by the expedient of granting a car dealer's motion to dismiss and denying any effective state court review of that order, especially when this court is required to indulge the presumption against removability and to indulge the presumption in favor of the possibility, however

slight, that plaintiffs can state a claim against the car dealer. It is of passing note that Judge Woods did not grant a **motion to dismiss** by the car dealer. Rather, he granted a **motion for summary judgment**. In order to find that a non-diverse defendant was fraudulently joined, the non-diverse defendant must be entitled to escape by the less onerous device of a **motion to dismiss**.

Plaintiffs also point to the fact that 28 U.S.C. §1446(a) requires that **all** defendants timely join in the removal. General Motors Corporation, the first named defendant in this case, was served on June 10, 2002, but did not join in, nor consent to, the removal until July 22, 2002. If General Motors had been served an instant before the expiration of the 30 day period for removal, it would, of course, have been entitled to a "reasonable" time thereafter for filing its formal joinder or consent, but such is not the case here. General Motors had more than ample time within which to join in this removal within the requisite 30 days. It did not do so.

This court agrees with Judge Haltom's *Miles v. Kilgore*, 928 F. Supp. 1071 (N.D. Ala. 1996), cited by Moore's Federal Practice, § 107.11[1][c], for the proposition that "if a notice of removal is filed by fewer than all the defendants, the petition is defective if it fails to explain the absence or nonjoinder of a co-defendant." The fact that those defendants who met the removal deadline in this case lamely averred in their notice of removal that "it is believed that co-defendant, General Motors Corporation,

will consent to this removal", not only fails to constitute an effective consent by General Motors (which must meet the requirements of Rule 11), but the notice of removal made no attempt to justify the failure of General Motors to join, undoubtedly because no justification exists.

Based on the foregoing, plaintiffs' motion to remand will be granted by separate order.

DONE this 30th day of July, 2002.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE